## EL PUEBLO *v.* LÓPEZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 45.—Resuelto en febrero 18, 1904.

APELACIÓN—FELONY.—En los casos por delitos (*felony*) las apelaciones deben versar sobre cuestiones de derecho.

EXTORSIÓN—FUNCIONARIO PÚBLICO.—Un funcionario público que valiéndose de su capacidad oficial, sacare dinero a otra persona por medio de amenaza que al efecto le hiciera de denunciarle por supuestas infracciones de ley, es culpable de extorsión.

SENTENCIA—ACUSADO.—Las advertencias a que se refiere el artículo 318 del Código de Enjuiciamiento Criminal, deberán hacerse al acusado antes del pronunciamiento de la sentencia y después de dictado el veredicto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la siguiente opinión del tribunal:

Se ha perseguido en esta causa un delito grave de extorsión, ante la Corte de Distrito de Ponce, quien, después de tramitarla conforme a ley, dictó sentencia en 13 de agosto del año próximo pasado, condenando a José López Gaztambide, a la pena de un año de presidio con trabajos forzados, que deberá extinguir en el Departamental de la Isla, y al pago de las costas causadas en este juicio. Esta sentencia condenatoria se funda en la acusación jurada, que dice así:

"El Fiscal formula acusación contra José López Gaztambide por el delito grave de extorsión, comprendido en el artículo 458 del Código Penal, cometido como sigue: En el mes de julio de 1902, siendo jefe de las fuerzas de la Policía Insular destacadas en el pueble de Yauco, de este distrito judicial, el segundo teniente de dicho (*) Instituto, hoy acusado José López Gaztambide, giró una visita con carácter oficial al establecimiento mercantil de Don José N. Peñas y apreciando que la panadería no se hallaba en la forma exigida por la ley de sanidad y que las patentes para la venta de licores carecían de requisitos legales, exigió ilegalmente a dicho Peñas 50 pesos por no denunciarlo con la amenaza de formarle un expediente si no accidía a ello, conviniendo por fin el arreglo en $18, los que recibió el acusado. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico. Francisco Parra, Fiscal de distrito."

Se celebró el juicio oral el día cuatro de agosto del año último, y después de leerse el acta de acusación y de formular el Fiscal los cargos que de la misma aparecen, declaró el perjudicado Peñas sustancialmente conforme con la acusación, si bien dice que el hecho tuvo lugar en el mes de agosto próximo pasado, y José Sanabria manifiesta que fué Guardia Insular, en esa época, y que, como tal guardia y en compañía del Teniente Gaztambide, hizo una visita de inspección en el establecimiento de Peñas; que el Teniente le dijo a él que. había que denunciarle porque no estaba el establecimiento en forma; que luego observó que Peñas suplicaba al Teniente y que éste le exigió una cantidad de dinero para arreglar el

asunto; que más tarde el que declara volvió a avistarse con Peñas, el que le dió diez y ocho pesos para entregar al Teniente, como así lo hizo el que declara.   Mr John B. Hart manifiesta que conoce a Peñas, comerciante de Yauco, y recuerda que, como Inspector de Rentas que es, ha visitado su establecimiento en varias ocasiones y siempre lo ha encontrado en debida forma.

En el acto del juicio, la defensa se limitó a solicitar un veredicto de inculpabilidad y que en su virtud se absolviese al acusado; pero el trece de agosto del año anterior presentó escrito su abogado, solicitando un nuevo juicio, porque no se instruyó a su defendido como prescribe el artículo 318 del Código de Enjuiciamiento Criminal, y porque el veredicto es contrario a derecho y a las pruebas, y en este caso son de (*) aplicación los artículos 301, y número 6, del 303 del Código anteriormente citado.   El tribunal, por unanimidad, negó el nuevo juicio, por no ser aplicables a este caso los artículos citados y el defensor solicitó que se hiciese constar su excepción por tal resolución, e inmediatamente se instruyó al acusado como determina el artículo 318 del Código de Enjuiciamiento Criminal, y alegó que era inocente, dictándose la sentencia de que ya se ha hecho mérito.

Contra esta sentencia se ha interpuesto recurso de apelación, que se ha formalizado ante esta Superioridad, con exposición de los hechos y alegándose: 1. Que la declaración del perjudicado debe descartarse por estar interesado en la acusación y que el testimonio de José Sanabria es vago, ambiguo, indeciso, al extremo de no determinar si la entrega del dinero fué en metálico u otra clase de moneda, oro o plata.   2. Que aun aceptando los hechos, éstos no caen de lleno dentro del artículo 458 del Código Penal.   3. Que no se cumplió con el artículo 318 del Código de Enjuiciamiento Criminal, instruyéndose, como en él se ordena, al acusado.   Por estas razones concluye suplicando que se absuelva a José López Gaztam-

bide con las costas de oficio y en su defecto, mandar abrir un nuevo juicio.

El Fiscal impugnó el recurso. No se ha presentado pliego de excepciones tal como lo exige, en su caso, el artículo 295 del Código de Enjuiciamiento Criminal, ni se propuso, ni se practicó prueba de ningún género que pudiese desvirtuar la de cargo practicada. En tales condiciones no cabe discutir la apreciación de las pruebas contra las cuales nada se ha opuesto en el acto del juicio, pero aun concediendo que esto pudiera hacerse, resulta que la declaración del perjudicado está integrada por la del testigo Sanabria, que afirma de un modo categórico los elementos de hecho necesarios para la definición del delito, sin que disminuya la credibilidad de su (*) testimonio la circunstancia de no haber determinado la especie de moneda que le entregó Peñas para Gaztambide, porque sobre ese punto no está en contradicción con nadie, y no puede, por tanto, surgir la duda sobre la certeza de los hechos. Su declaración, por tanto, nada tiene de ambigua, vacilante o indecisa. La apelación, dada la naturaleza del delito, sólo puede versar sobre una cuestión de derecho, según los artículos 345 del Código de Enjuiciamiento Criminal y su referente, el artículo 14 del Código Penal. Ahora bien, los hechos objeto de la acusación y de la sentencia, caen de lleno dentro del artículo 458 del Código Penal. Don José López Gaztambide, en su carácter de Teniente de la Policía Insular, recibió diez y ocho dollars enviados por Don José N. Peñas, y arrancados, seguramente, por la amenaza que le hiciera de denunciarle bajo el supuesto de que el establecimiento no cumplía con las leyes de Sanidad, y de que las patentes para la venta de licores carecían de requisitos legales. Pues bien, no se puede negar que esa amenaza es elemento delictivo de la extorsión, artículo 457, número 2 del Código Penal, porque con ella se produjo en el ánimo de Peñas el temor de verse envuelto en un proceso criminal, por alguno de los delitos contra la salud y contra el erario de Puerto Rico, comprendidos en los títulos

14 y 16 del Código Penal, y se arraiga más la convicción de lo injusto de la amenaza, cuando se ve que no consta que se llevare a cabo la denuncia y existe la presunción de la inocencia de Peñas al considerar la declaración de Mr. John B. Hart, Inspector de Rentas Internas, quien afirma que en las diversas ocasiones que visitó el establecimiento de aquél, siempre lo encontró en debida forma.

La pretensión del nuevo juicio, que subsidiariamente se solicitó al formalizar la apelación ante esta Superioridad, se funda en que el veredicto es contrario a derecho, por no haber recaído con las advertencias a que se refiere el artículo 318 del Código de Enjuiciamiento Criminal; pero como consta de las copias remitidas que el día trece de agosto y antes de (*) dictarse el fallo, se hicieron al acusado las prevenciones de dicho artículo, no puede accederse por este motivo, ni por otro alguno, a la celebración de un nuevo juicio. No hay, por tanto, razón que justifique las pretensiones del acusado, y el Ponente opina que debe confirmarse la sentencia apelada con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de esta causa.